FARMERS STATE BANK OF GWINNER, Appellant, v. FIRST NATIONAL BANK OF FORMAN, a Corporation, Respondent. •

(199 N. W. 961.)

**Appeal and error — party assuming burden below will not be heard to say on appeal that burden on other party.**

1. Where a party, in the trial court, has assumed the burden of pleading and proving a fact, he will not be heard to say for the first time on appeal that the burden of proof was on the other party.

**Instructions — certain instructions held correct or nonprejudicial.**

2. Certain instructions considered, and for reasons stated in the opinion held correct or nonprejudicial.

Opinion filed July 23, 1924.

Appeal and Error, 3 C. J. § 630 p. 736 n. 58. Chattel Mortgages, 11 C. J. § 186 p. 509 n. 55; § 191 p. 513 n. 95; § 410 p. 660 n. 94; § 412 p. 662 n. 21. Evidence, 22 C. J. § 46 p. 105 n. 20. Trial, 38 Cyc. p. 1779 n. 75, 76.

51 N. D.—15.

From a judgment of the District Court of Sargent County, *Wolfe,* J., plaintiff appeals.

Affirmed.

*Chas. S. Ego,* for appellant.

It was not incumbent upon plaintiff to prove *knowledge.* Notice of facts or circumstances were sufficiently proved or admitted to cast upon defendant the duty to make inquiry. If defendant remained wilfully ignorant, then it would not have knowledge; but it would have notice and this was all plaintiff is required to show. Lawton v. Gordon, 37 Cal. 202; Curtis v. Mundy, 3 Met. 405; Vaughn v. Tracy, 22 Mo. 415; Pope v. Nichols (Kan.) 59 Pac. 257; Pom. Eq. ¶ 592; Bispham, Eq. ¶ 263.

"To entitle a party to protection as such a purchaser he must aver and prove the possession of his grantor, the purchase of the premises, the payment of the purchase money in good faith and without notice, actual or constructive, prior to and down to the time of its payment; for if he had notice, actual or constructive, at any moment of time before the payment of the money, he is not a bona fide purchaser." Eversdon v. Mayhew, 65 Cal. 167, 3 Pac. 641.

"When a party having knowledge of such facts as would lead any honest man, using ordinary caution, to make further inquiries, does not make, but, on the contrary, studiously avoids making, such obvious inquiries, he must be taken to have notice of these facts, which, if he had used such ordinary diligence, he would readily have ascertained." Wade, Notice, 2d. ¶ 11.

"A second purchaser defeats the first conveyance only by bringing himself within the letter of the statute; but he is not within it if, knowingly, he buys of one who has no title to sell." Shotwell v. Harrison, 30 Mich. 178.

"Whatever the rule in other jurisdictions, it is not the rule in this state. Here the notice is sufficient if it puts the party upon such inquiry, as, if prosecuted, would lead to a knowledge of those rights with which it is proposed to affect him. The information given need not of necessity disclose the name of the mortgagee, nor the amount of the debt secured by the mortgage. It is sufficient if it puts a reasonable man upon inquiry which would certainly lead to a knowledge or dis-

covery of the rights in the mortgagee under his mortgage." Taylor Machinery Co. v. Kennedy, 87 N. W. 435.

"The defendant, having had notice of the plaintiff's mortgage prior to taking its own, had all the notice the record of such mortgage could afford, and should be bound by such notice. To hold otherwise would make laws intended to prevent fraud the very instruments of fraud. Jackson v. Burgott, 10 Johns. 462, 6 Am. Dec. 349. Recording acts are for the purpose of giving notice to those who have none, and thereby preventing wrong, and not for the purpose of giving undue advantage to those who have notice and thus enabling them to perpetrate wrong." Williams v. First Nat. Bank (Or.) 87 Pac. 890.

*A. Leslie* and *Curtis & Remington,* for respondent.

In an action to determine the priority and validity of liens where a chattel mortgage, because of an insufficient description does not impart notice, if the mortgagee relied on actual notice to a subsequent mortgagee, he must allege and prove it. State Bank v. Felt (Iowa) 68 N. W. 818; Lumber Co. v. Bunker, 83 Iowa, 751, 49 N. W. 1003.

An unrecorded administrator's deed in the absence of actual notice of it, or the proceeding under which it was obtained, is not such constructive notice as will invalidate the title of a subsequent bona fide purchaser.

The presumption is that she is a bona fide purchaser, and the burden of proof to show bad faith or want of consideration is upon appellee. Anthony v. Wheeler, 17 Am. St. Rep. 281.

Fraud is the only ground of interference and it cannot be presumed. The doctrine which assumes this without proof is at war with all the recognized legal presumptions, and I cannot but regard is as dangerous and unreasonable. Hull v. Deihl, 52 Pac. 782.

CHRISTIANSON, J. The controversy before us is one between the holders of two chattel mortgages executed by the same mortgagor, and involves solely the question whether a chattel mortgage held by the plaintiff, which is prior in point of time to the mortgage held by the defendant, but which was not filed for record, is a lien prior to the mortgage of the defendant upon the same property, which latter mortgage was duly filed for record in the office of the Register of Deeds in the county where the property was situated.

The material facts are as follows: On October 11th, 1919, one

William Schutt was indebted to the plaintiff in the sum of $5735.00, and on that day he gave a chattel mortgage to the plaintiff covering a large amount of his personal property, including certain live stock and other property which is involved in this action. The mortgage so executed and delivered was never for record in the office of the Register of Deeds. On the 21st day of May, 1921, said Schutt being indebted to the defendant for $1,165.15, executed a note in that sum to the defendant, together with a certain chattel mortgage to secure the payment thereof and delivered such instruments to the defendant. Said latter chattel mortgage covered a large number of horses and cattle, some of which animals were also included in the mortgage held by the plaintiff. Afterwards, to wit: on October 1, 1921, being still indebted to the defendant in the sum of $1,160, said Schutt, did on that day execute and deliver to said defendant a note in that amount, and, also, a chattel mortgage to secure the payment thereof. Said chattel mortgage covered the same property described in the chattel mortgage which he had executed and delivered to the defendant on May 21, 1921. The said mortgagor having made default, the defendant some time prior to September 27, 1922 (the exact date does not appear), through proceedings duly had, obtained possession of the property covered by its mortgage. Thereupon on September 27, 1922, the plaintiff instituted this action in claim and delivery for such property. Issue was joined and the case tried to a jury. Upon the trial it was stipulated that the plaintiff by the proceedings had in this action had caused the property to be taken from the defendant; and that plaintiff after obtaining possession of such property caused the same to be sold; that the value of such property was $1,438.-86; and that if the jury found in favor of the defendant they should assess defendant's damages in that amount.

At the close of all of the evidence, and immediately before the cause was submitted to the jury, the following colloquy was had between the trial judge and counsel for the respective parties, viz.:—

The Court: Now, gentlemen, as I understand it this action is one to recover possession of personal property. I don't know whether the record shows it, but is there any dispute between the plaintiff and the defendant as to who has this property at this time?

Mr. Leslie: (defendant's attorney)  There is none.

Mr. Remington: (defendant's attorney)  The record don't show, however.

Mr. Ego: (plaintiff's attorney)  It is stipulated that the property described in the complaint in this action, and for the recovery of which this action is maintained, has been taken by the plaintiff under a writ of replevin; and that the same has been disposed of by the plaintiff and cannot be returned; and that if the jury find for the defendant it is agreed that they may assess the defendant's damages at $1,438.86.

The Court:  Now in view of the stipulation that leaves just one issue of fact to go to this jury, dosn't it?

Mr. Leslie: (defendant's attorney)  That is our understanding of it—the question of actual notice.

The Court:  Actual notice of the existence of your unrecorded mortgage.

Mr. Ego: (plaintiff's attorney)  That is the whole law suit.


The plaintiff assigns error upon certain rulings in the admission of evidence, and on the instructions to the jury.

The assignments predicated upon rulings in the admission of evidence are practically without support in the argument; and are, we think, so clearly without merit as to require no discussion.

Error is assigned upon the following instruction:

"The sole question left in this case is: Was the Forman bank, the defendant, a subsequent encumbrancer in good faith? And that question is to be determined by a determination of this issue of fact: *Did the Forman Bank,* the defendant, *at the time it took its mortgage,* exhibit four, *have knowledge or notice of the fact that there was in existence in favor of the Gwinner bank,* the plaintiff, *a chattel mortgage on the property of the mortgagor,* William Schutt, *such as is exhibit six* in this case? If they did have such notice or knowledge, then they are not an encumbrancer in good faith. If they did not have such knowledge or notice, then they are an incumbrancer in good faith. And in such case, their encumbrance being taken for value, the mortgage, exhibit six, which is not filed—in favor of the Gwinner bank—

would be void as against the mortgage of the Forman bank, the defendant."

In appellant's brief it is said that the specific objection to this instruction is "the misleading use of the term 'knowledge or notice' as given in the instruction." It is contended that the question to be determined was whether defendant's agents had *"notice,"* and that "whether defendant's agents had *'knowledge'* of the mortgage was beside the question." Conceding the correctness of the contention as an abstract proposition, it does not follow that the instruction as given was prejudicial to the plaintiff. Our statute (Comp. Laws, 1913, § 7888) says:—"Actual notice consists in express information of the fact." See also Jones, Chat. Mortg. 5th ed. § 308. The other aspect of the case, namely, the duty to make inquiry where the facts and circumstances are such as to put the purchaser upon inquiry was fully dealt with elsewhere in the instructions. In this case there was a square conflict in the evidence as to whether at the time the defendant's mortgage was executed the mortgagor stated to the officers of the defendant that the plaintiff bank had a mortgage upon the property described in defendant's mortgage. There were no other facts or circumstances in the evidence tending to establish actual notice of plaintiff's mortgage. Upon this feature of the case the trial judge instructed the jury that if at the time the defendant bank took its mortgage, the mortgagor stated to any of the officers of said defendant bank that the plaintiff bank had a mortgage on all his personal property and that he could only give the defendant a second mortgage, that if they found such evidence to be true, that then there was sufficient knowledge and notice on the part of the defendant so that "if they took a chattel mortgage upon the property without further investigation and without finding out what personal property the Gwinner Bank's mortgage did cover, their mortgage would not be taken in good faith." As to the duty to make inquiry the court instructed:

"If it were true—if you find it to be true, by a preponderance of the evidence as I have stated, that Mr. Schutt stated to them that he had given a mortgage to the Gwinner bank on all of his property—all of his personal property, and that he could give them nothing but a second mortgage, or that in substance; then it was the duty of the Forman bank, before taking its mortgage, to make a thorough investiga-

tion, and if they found no such mortgage on the records here, it was their duty to make inquiry of the Gwinner bank to find out whether or not there was in existence such a mortgage, that had not been recorded."

This latter instruction fully covers the matter to which it relates, and under the evidence was entirely fair to the plaintiff. When the instructions given on the subject of notice are construed together, and in light of the evidence, they are, we think, entirely fair to the plaintiff.

The trial court instructed the jury that the plaintiff had the burden of proving that the defendant had notice or knowledge of plaintiff's mortgage. This is assigned as error. And it is contended that the burden of proof rested upon the defendant, and not upon the plaintiff.

The question who must bear the burden of proof as between a subsequent purchaser whose conveyance has been recorded, and one claiming under an instrument prior in date but unrecorded is one upon which there is much diversity of judicial opinion.

In some jurisdictions the rule is as contended for by the appellant, namely, the burden of proof lies upon the subsequent purchaser to show not only that he purchased the property in question for a valuable consideration, but, also, that he did so without notice of the other party's claim. Note in 36 L.R.A.(N.S.) p. 1125. In other jurisdictions it is held that one claiming under a recorded conveyance is presumed to be a bona fide purchaser, and that it is incumbent upon one claiming under an unrecorded conveyance to prove bad faith and want of consideration on the part of the junior claimant. Note in 36 L.R.A.(N.S.) p. 1127. In other jurisdictions a rule has been adopted taking a "middle ground" between the two rules just stated. In these jurisdictions it is held that the burden is upon the party who claims title by priority of record, against a prior but unrecorded conveyance, to show affirmatively the payment of a valuable consideration, but upon this being shown, the burden is upon the party who claims under the unrecorded conveyance to show that the junior claimant purchased with notice. Note in 36 L.R.A.(N.S.) p. 1129. And in Cyc. (6 Cyc. 1079) it is said that "the burden of proving notice seems to rest upon the attacking party."

Under the facts in this case the instruction given would be correct

under any of the rules stated except the first one.   We find it un-necessary, however, to determine which of the different rules ought to be adopted in this jurisdiction, and are agreed that the trial court was fully justified in instructing as he did.   In its complaint in this case the plaintiff set forth the mortgage under which it claimed a special property in, and the right of possession to, the property in question, and there was, of course, no allegation that such mortgage had been filed for record.   In such complaint it was further alleged that the property in question was then held by the defendant pursuant to proceedings instituted and based upon a certain claim of special property under two certain mortgages "which mortgages the said de-fendant claims and pretends are superior to the mortgage of this plain-tiff, but which in truth and in fact are inferior and subsequent to the mortgages of the plaintiff herein . . . ;   for that plaintiff alleges that at the time the court received from the said William Schutt the mortgage dated May 21st, 1921, and the mortgage dated October 1st, 1921, the officers and agents of the said defendant were advised and knew that the plaintiff held and claimed a mortgage upon all and singular the chattels described . . .  and said officers were advised and knew before receiving such mortgages, and each of them, that the defendant's mortgages were and are subsequent and inferior to the mort-gages held by this plaintiff; and plaintiff alleges that by reason of the fact herein set forth the defendant did not accept and receive its said mortgages either as a subsequent purchaser or as an incumbrancer in good faith for value, but did accept and receive such mortgages and each of them with full knowledge respecting the rights and claims of plaintiff to such property, and all and singular thereof."

Upon the trial the plaintiff assumed the burden of proving the facts so alleged.   It introduced as a part of its own case not only the mortgage under which it claims a lien, upon, and the right of posses-sion of, the property, but the two chattel mortgages under which de-fendant claims, and, also adduced evidence showing that such latter mortgage had been filed for record.   The plaintiff further, as a part of its case in chief, introduced evidence tending to show that at the time the mortgages under which defendant claims were executed, the mortgagor, Schutt, stated that the plaintiff had a prior mortgage upon all of such property.   From the evidence adduced by the plaintiff it

appeared that the defendant was an incumbrancer for value. So the only question of fact to be determined was (as stated by plaintiff's counsel at the conclusion of the evidence) whether defendant's officers at the time its mortgage was taken had actual notice of plaintiff's unrecorded mortgage. This question of fact was presented in an action in which the plaintiff up to that time both by pleading and proof had assumed the affirmative of the issue. The theory now advanced on this appeal that the plaintiff did not have the affirmative of such issue, but that the defendant had the burden of showing want of notice was not even suggested in the trial court. The trial court accepted the issues as tendered to him by the parties, and instructed according to the theory on which the case was tried. And the plaintiff cannot be heard at this time to assert that the trial court erred in so doing. "Where a party has assumed the burden of proving a fact, he will not be heard to say for the first time on appeal that the burden of proof was on the other party." 3 C. J. p. 736.

Error is also predicated upon the following instruction:

"*Now, on the other hand, if the statement* or information or knowledge that the mortgagor, *Mr. Schutt, gave to the Forman bank at the time.* or at any time, before its mortgage exhibit four was taken, *was simply to the effect that he had given a mortgage to the Gwinner bank, or that the Gwinner bank held a mortgage upon some of his property,* or upon a part of his property; *then that* knowledge or *information given by Mr. Schutt to the officers of the Forman bank casts upon them the duty of investigating fairly* to find out what the mortgage to which Mr. Schutt referred to did cover. What it was given for, how much it secured, and what property was described in it. *If the information given to the Forman bank was simply as I have stated it to you in substance,* that Mr. Schutt had given a mortgage to the Gwinner bank, or that he had given such a mortgage upon some of his property or a part of his property; *then an investigation of the public records in the office of the register of deeds here would be sufficient investigation.* And if you find that the defendant bank made such an investigation and discovered such mortgage or mortgages as were then of record, and found that those mortgages did not cover the property upon which they proposed to take a mortgage; *that was sufficient investigation to constitute the Forman bank an incumbrancer in good faith; and under such*

*circumstances the burden would not rest upon the Forman bank to inquire of the Gwinner bank about that mortgage at all."*

It is contended that the court by this instruction, in effect, laid down the rule that the defendant was in no event required to make any inquiry other than to search the records in the office of the Register of Deeds. In other words, it is contended that even though the jury found that the defendant had been put upon inquiry as to plaintiff's unrecorded mortgage, that under this instruction they must find that such duty was fully satisfied by a search of the records in the office of the Register of Deeds. In our opinion the instruction is not susceptible of such construction. The instruction is merely a part of the instructions dealing with the question of notice and duty to make inquiry, and was restricted to a certain phase of the evidence bearing on that question, i. e., the instruction by its terms was applicable for the guidance of the jury only in case they found the facts to be according to the version of defendant's witnesses.

The only evidence in this case tending to establish either actual information of plaintiff's mortgage or of facts which would impose upon the defendant a duty to make inquiry as to such mortgage was the testimony relating to certain statements claimed to have been made by the mortgagor, Schutt, at the time he executed and delivered defendant's chattel mortgage, exhibit four. There were three persons present at the time this mortgage was executed, namely, Schutt, the mortgagor, Himebaugh, the vice-president and Gunderson, the cashier of the defendant bank. It is undisputed that at this time a conversation was had in which some reference was made to a mortgage then held by the plaintiff bank upon chattel property of said Schutt; but there is a square conflict as to what was said during this conversation. According to the version of the mortgagor, Schutt, he stated in substance and effect that all his personal property was then covered by a chattel mortgage held by the plaintiff and that, consequently, he could only give the defendant a second mortgage upon any portion of his personal property. According to Himebaugh and Gunderson, however, this was not the statement Schutt made at all. They testified that Schutt merely said that the plaintiff bank had a mortgage upon some of his personal property; that after this statement was made Gunderson went to the Register of Deeds office and investigated the records there to ascertain

what property was covered by the chattel mortgage or mortgages plaintiff held; that upon such search he found a certain chattel mortgage or mortgages of record held by plaintiff, and that he assumed that these were the mortgages referred to by Schutt, and were in fact the only mortgages held by the plaintiff. The statement of Schutt forms the sole basis of the claim that the defendant had either express or implied notice of plaintiff's mortgage and it was this conversation that the court had in mind in giving the instruction excepted to. As has heretofore been noted the court, elsewhere in its instructions, fully informed the jury as to the duty resting upon the defendant to make inquiry from the plaintiff bank itself provided facts were brought to its attention such as claimed by the mortgagor Schutt; and immediately preceding the instruction excepted to the court also instructed the jury as follows:

"Now, if you should find from a fair preponderance of the evidence, —as I shall afterwards define that term to you—that at the time the Forman bank took the mortgage, exhibit four, the mortgagor, Mr. Schutt, said to any of the officers of the Forman bank, in substance, that the Farmers State Bank of Gwinner, the plaintiff here, has a mortgage on all my personal property and I can only give you a second mortgage; if you should find that evidence to be true, then that is sufficient notice and knowledge on the part of the defendant, the Forman bank, so that if they took a chattel mortgage upon the property—without further investigation and without finding out what personal property the Gwinner bank's mortgage did cover—their mortgage would not be taken in good faith."

Immediately following the instruction excepted to the court gave the following instruction:

"If it were true—if you find it to be true, by a preponderance of the evidence as I have stated, that Mr. Schutt stated to them that he had given a mortgage to the Gwinner bank on all of his property—all of his personal property, and that he could give them nothing but a second mortgage, or that in substance; then it was the duty of the Forman bank, before taking its mortgage, to make a thorough investigation, and if they found no such mortgage on the records here, it was their duty to make inquiry of the Gwinner bank to find out whether or not there was in existence such a mortgage, that had not been recorded.

"So that the ultimate issue of fact that this jury must determine, when you retire to decide this case, is in brief: Did Mr. Schutt at the time the mortgage to the Forman Bank was given, the mortgage exhibit four, state to the bank in substance and effect that he had given to the Gwinner bank a mortgage on all of his personal property and that he could not give the Forman bank anything but a second mortgage? Or did Mr. Schutt at that time state to the bank in substance and effect that the Gwinner bank had a mortgage upon some or a part of his personal property—or that he had given to the Gwinner bank a mortgage upon his property? If you find that Mr. Schutt made the former statement, that is, that he had given the Gwinner bank a mortgage on all of his property and couldn't give the Forman bank anything but a second mortgage; and you find that by a fair preponderance of the evidence, then the plaintiff in this case is entitled to recover. If you fail to find that by a fair preponderance of the evidence, then the defendant is entitled to recover."

When the instruction complained of is construed in light of the facts in this case and the other instructions, it is, in our opinion, not erroneous. It is well settled that mere knowledge of the existence of an indebtedness by the owner of personal property to the holder of an unrecorded chattel mortgage is not such circumstance as will put a purchaser or incumbrancer upon inquiry and charge him with implied knowledge of the existence of such unrecorded mortgage. Jones, Chat. Mortg. 5th ed. § 309, p. 442. And we think it is equally true that knowledge that a person has executed a chattel mortgage to another upon a portion of his personal property, which mortgage has been duly registered, does not put a party who deals with the mortgagor upon notice that the holder of such registered mortgage, also, holds another unrecorded mortgage upon other personal property of such mortgagor. Under our statute (Comp. Laws, 1913, § 6758) registration is absolutely necessary to the validity of a chattel mortgage as against creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith and for value. Sykes v. Hannawalt, 5 N. D. 335, 341, 65 N. W. 684. Section 6758, supra, was intended not only to afford persons dealing with the mortgagor notice of incumbrances upon his chattels, but, also, to prevent fraud and deception by precluding the mortgagor of personal property from hold-

ing himself out to the world as the unqualified owner thereof. 2 Cobbey, on Chat. Mortg. § 560, p. 734; 11 C. J. p. 509. See also Jones, Chat. Mortg. 5th ed. § 236. It is presumed that a person takes ordinary care of his own concern, and that the ordinary course of business has been followed. Comp. Laws, 1913, Subds. 3, 20, § 7936. Both ordinary care of his own concern, and the ordinary course of business requires the owner of a chattel mortgage to cause the same to be registered. So when defendant's officers were informed that the plaintiff bank had a prior mortgage upon some of Schutt's personal property, they were, we think, justified in assuming that the mortgagee had caused such mortgage to be filed; and when, upon search of the records of the register of deeds they found a mortgage registered, answering the description of the mortgage they had been informed had been given, they were, in our opinion, justified in assuming that this was the mortgage to which reference had been made, and that they were not charged with implied notice that the holder of such mortgage also had another chattel mortgage, which it had withheld from record.

Judgment affirmed.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.