Kopke Bros. Merc. Co. v. California Canneries Ass'n.

No. 27,061.

THE KOPKE BROTHERS MERCANTILE COMPANY, *Appellant*, v.
CALIFORNIA COÖPERATIVE CANNERIES ASSOCIATION, *Appellee.*

SYLLABUS BY THE COURT.

APPEAL AND ERROR — *Necessity of Objection to Predicate Error — Burden of
Proof.*  When a party in a trial assumes the burden of proof upon a con-
troverted issue without complaint, he cannot, on appeal, predicate error
upon the contention that the burden of proof was upon the other party.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge.  Opinion
filed January 8, 1927.  Affirmed.

*J. S. Simmons, Alva L. Fenn* and *Stuart Simmons,* all of Hutchinson, for
the appellant.

*C. A. Matson, I. H. Stearns,* both of Wichita, and *Carr W. Taylor,* of Hutch-
inson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.:  This is an action for damages for failure to deliver
property purchased under a contract.  It was tried to the court, who
sustained a demurrer to plaintiff's evidence and rendered judgment
for defendant.  Plaintiff has appealed.

On July 15, 1924, plaintiff, a wholesale grocer of Hutchinson,
entered into a written contract with the defendant, which appears
to be a sales agency for certain fruit growers in California, for the
purchase of 400 cases of canned apricots and 900 cases of canned
yellow free peaches.  The contract contained a provision:

"In case of short pack  .  .  .  by reason of which seller is unable to make
full delivery of any of the goods specified, delivery shall be prorated."

Defendant delivered all of the apricots ordered, but delivered only
172 cases of the peaches, leaving the order of peaches 728 cases
short.  Delivery was to be made before December 31, 1924.  Plain-
tiff alleged that the market price of peaches of this quality had
raised, and on December 31 was $1 per case higher, and he sues for
$728.  At the trial, in his opening statement, plaintiff outlined evi-
dence tending to show fraud in inducing him to sign the contract,
and on the trial, which was to the court, offered evidence tending to
vary the terms of the contract.  All of this was objected to, and

finally was not considered by the court. Plaintiff also offered evidence as to whether there was a short pack, and bearing on defendant's authority under the contract to prorate its deliveries.

In this court plaintiff does not seriously contend that the court erred in refusing to consider evidence as a basis for the modification of the contract, and there was no error in that regard. Plaintiff's real contention here is that the burden of proof was on defendant, if it desired to be relieved from liability because of a short pack of peaches, to show that in fact there was a short pack and the extent thereof, and that it had prorated the peaches packed fairly among persons to whom it had made sales. Plaintiff now says that he had made a case when he introduced his contract and had shown the failure of defendant to deliver all the goods contracted for. There would be some merit in this contention if it were not for the fact that in this case plaintiff assumed the burden on that question and introduced a great deal of evidence bearing upon it, which evidence, however, was not sufficient to show that defendant did not have a short pack, or that it did not fairly prorate its peaches packed among persons to whom it had made sales. In the court below there was no request of plaintiff for the court to require defendant to assume the burden upon this question. It was tried as though the burden were upon plaintiff, and without objection. Since plaintiff did not object to that procedure in the court below it is unavailing for him to object to it here.

The judgment of the court below is affirmed.