No. 30,938.

Iva Zona Spurgeon, *Appellee,* v. The Union National Bank, *Appellant.*

(19 P. 2d 459.)

Opinion filed March 11, 1933.

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *R. H. Nelson,* all of Wichita, for the appellant.

*Earl Blake, Harold L. Blake,* both of Wichita, and *Thomas Smith,* of Kaw City, Okla., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for a sum plaintiff claimed was due her on deposit in the defendant bank. The bank answered, admitting the deposit, and alleged that the amount claimed had been paid out on checks signed by plaintiff. In her reply plaintiff denied signing the check referred to, or authorizing anyone to do so, and alleged the checks were forged. The jury found plaintiff's signature to the checks in question had been forged and returned a verdict for plaintiff. Defendant has appealed.

Appellant first contends that the court erred in placing the burden of proof on defendant. Appellant is not in position to raise this question. After the jury was impaneled and sworn the record discloses the following colloquy between court and counsel respecting the burden of proof:

"THE COURT: Who has the burden of proof in this case?

"COUNSEL FOR PLAINTIFF: The defendant has the burden of proof—make the opening statement.

"COUNSEL FOR DEFENDANT: It doesn't make any difference to me.

"THE COURT: I think we better make them in the right order."

Perhaps at that time counsel for defendant thought it to be to the advantage of his client in the trial to have the opening and closing in the introduction of evidence and in the argument to the jury. Perhaps because of former decisions of this court (*Kansas City Title & Trust Co. v. Fourth National Bank,* 135 Kan. 414, 10 P. 2d 896; *Goddard v. National Bank,* 115 Kan. 651, 224 Pac. 59; *United Workmen v. Bank,* 92 Kan. 876, 142 Pac. 974), he thought the burden of proof to be on his client. But whatever the reason may have been, defendant assumed the burden of proof without objection and is not now in position to complain. (*Kopke Bros. Merc. Co. v. California Canneries Ass'n,* 122 Kan. 451, 251 Pac. 1077.) The court instructed the jury that defendant, having admitted the deposit and having alleged payment to have been made on plaintiff's checks,

the burden of proof was on defendant to establish that defense by a preponderance of the evidence. The record does not disclose any objection to this instruction at the time it was given, nor that the point was raised on the motion for a new trial; hence, it does not appear that the question now presented was raised in the court below.

Appellant contends the court erred in not granting a new trial. The checks in question bore plaintiff's name as maker. She denied having signed them. Much of the evidence bore upon the question of the genuineness of the signature on the checks. Expert hand-writing witnesses testified, some of whom were called by plaintiff and some by defendant. For the purpose of comparison, they had not only the checks which bore the disputed signatures, but other checks bearing her admitted signatures, her signature card which she had signed at the bank, a few letters written by her, and a receipt bearing her name given to the bank for a statement of her account. After the jury had spent some time considering the ver-dict, it asked to have sent to the jury room the checks bearing the disputed signatures, also checks bearing her admitted signatures and the signature card. These instruments were sent to the jury room. The jury did not ask for the letters written by plaintiff nor for the receipt given the bank, and these instruments were not sent to the jury room. Appellant contends it was error to send to the jury a part of the exhibits used by the expert witnesses in giving their testimony without sending all of them, and further contends that some of the expert witnesses called by the defendant based their opinions largely upon comparisons made between the disputed signatures on the checks in question and the writing in the letters written by plaintiff. Appellant argues that since the letters were not sent to the jury room the jury was deprived of the benefit of the testimony of its witnesses. The point is not well taken. It is well settled that a court may, in its discretion, send exhibits to the jury room, particularly when they are requested. It is not unusual for a jury to ask to have read to it a part of the testimony of a witness, without asking for all of the testimony of that witness, and without asking for the testimony of other witnesses on that point. We have not heard it contended that it was error to comply with such a request. We see no reason why the same rule would not apply when the request of the jury was for a part of the exhibits. Here the jury had sent to it all of the exhibits it requested. Per-

haps there was no controversy among the jurors respecting the other exhibits or testimony which had been given concerning them. It certainly would not be error to omit sending to the jury exhibits it did not need in reaching a verdict.

We find no error in the record, and the judgment of the trial court is affirmed.