### KORTH, Collector of Internal Revenue, v. ZION'S SAVINGS BANK & TRUST CO.

#### No. 3065.

Circuit Court of Appeals, Tenth Circuit.

March 5, 1945.

Warren F. Wattles, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Muriel S. Paul, Sp. Assts. to the Atty. Gen., and Dan B. Shields, U. S. Dist. Atty., and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellant.

Hadlond P. Thomas, of Salt Lake City, Utah (Thomas, Jensen & Armstrong, Edgar C. Jensen and Frank Armstrong, all of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

In 1928, Zion's Savings Bank and Trust Company, of Salt Lake City, Utah, made a loan of $50,000, secured by a mortgage on a hotel in Ogden, Utah. Some additional funds were advanced from time to time; some payments were made; and prior to 1939, amounts aggregating $10,-914.83 in connection with the loan were charged off on the books of the bank but the charge-offs did not result in any tax benefit to the bank for the years in which they were made. The mortgage was foreclosed, and the property was sold in 1939. The bank bid $53,500, approximately the amount due on the debt; the bid was accepted; and the bank acquired title to the property. On the same day of the sale and acquisition of the property, the bank sold the property to a bona fide purchaser for $38,000. In its return for the year 1939, the bank reported the resale on a cost basis of $53,500, and a resulting net capital loss of $15,500 which was claimed as a deduction in computing income for that year. The Commissioner of Internal Revenue charged the bank with $10,914.83 as income, treated the cost basis of the property at $38,000, rather than $53,500, and determined a deficiency in income tax. The bank paid the tax under protest and instituted this action against the collector to recover a refund. The cause was tried to the court, the bank prevailed, and the collector appealed.

Both parties conceded in the course of the oral argument that the decisive question in the case is the fair market value of the property on the day of the sale, and that concession eliminates need to consider other questions. The court found the fair market value to be $53,500. The collector challenges the finding on the ground that it is not supported by substantial evidence. The testimony adduced at the trial relating to value was given by two witnesses, one offered by the taxpayer and the other by the collector. The one offered by the taxpayer was its cashier and vice-president. He had been in the employ of the taxpayer for forty years; for twenty years he had valued properties for the purpose of making loans; when the taxpayer took in properties and had occasion to sell them, he handled the transactions; and he therefore had occasion to know the value of real estate and premises. He testified that in his opinion the value of the property was $60,000. But the collector urges that his testimony does not support the finding because he testified in respect of so-called fundamental value, not fair market value. At one place he did say that he referred to fundamental value, not market value, at another that he preferred to say fundamental value, at a third that he did not have an opinion as to market value, and at a fourth he seemingly referred to actual value and fundamental value as being synonymous. But he also testified without qualification that he did have an opinion as to the fair market value of the property on the day of the sale, and at two separate places in the course of interrogation he testified that in his opinion such value was $60,000. In addition, after he had referred to fundamental value, the court explained to him the meaning of fair market value and he then said that he thought it was all right, indicating that he meant the figure of $60,000 previously given as the fair market value was substantially correct. The testimony

was not entirely clear but it must be considered as a whole. Viewed in that manner, and taking into consideration the length of time the witness had been engaged in the banking business, his frequent occasion to determine values of properties for the purpose of making loans, his handling of properties acquired by the taxpayer, his constant need to know current values, and other circumstances fairly apparent, the court was warranted in believing that he had an opinion as to the fair market value of the property, and that he intended to fix such value at $60,000. The witness offered by the collector was an employee in the office of the collector, whose duties included the appraising of properties for purposes of estate taxes. He testified that in his opinion the fair market value of the property was $35,000 or $36,000.

The testimony in its entirety presented an issue of fact as to the fair market value of the property. But in a case where trial by jury has been waived, an issue of fact of that kind is for the trial court. The qualification of the witnesses to testify as experts and the weight to be given to their testimony were matters peculiarly for the trial court. And where the qualification of witnesses and the weight to be accorded their testimony are determinative factors in resolving an issue of fact, the determination of the trial court will not be lightly overridden. The finding is not clearly erroneous, due regard being had for the opportunity of the trial court to observe the witnesses, appraise their qualifications, and determine the weight to be given to their testimony. Therefore the finding must stand on appeal. Davies v. Lahann, 10 Cir., 145 F.2d 656.

Attention has been called to Treasury Regulation 103, § 19.23(k)-3, relating to uncollectible deficiency upon the sale of mortgaged or pledged property. The regulation provides in part that, in the absence of clear and convincing proof to the contrary, the fair market value of the property shall be presumed to be the amount for which it is bid in by the taxpayer. But since the finding of the court—apart from the regulation—is supported by substantial evidence, it is unnecessary to determine whether the regulation has application in a case of this kind, and, if so, its effect here.

The judgment is affirmed.

PHILLIPS, Circuit Judge (concurring).

The judgment below should be affirmed for an additional reason, which to me seems to be worthy of notice. At the trial below the Collector assumed the burden of proof. I reach this conclusion because the Collector introduced his evidence at the beginning of the trial and rested and the Trust Company offered evidence in rebuttal. The court was thus led to believe that the burden was upon the Collector to overcome the presumption that the fair market value of the property was the amount for which it was bid in by the taxpayer, by clear and convincing proof to the contrary. Helvering v. Midland Mut. Life Insurance Company, 300 U.S. 216, 57 S.Ct. 423, 81 L.Ed. 612, 108 A.L.R. 436; Huey & Philp Hardware Company v. Commissioner of Internal Revenue, 40 B.T.A. 781, 790; and West Production Company v. Commissioner of Internal Revenue, 41 B.T.A. 1043, 1050, seem to support that conclusion. But we need not determine whether such burden rested on the Collector. A party who voluntarily assumes the burden of proof will not be heard, on appeal, to assert that the burden was on the other party.[1]

In appraising the testimony of the witness called on behalf of the Collector, the trial court was fully justified in finding, as it did, that "there is no clear or convincing evidence" that the market value was other than the price bid at the sale.

[1] United States v. Peterson, 10 Cir., 34 F.2d 245, 246, 249, 250; Kopke Bros. Mercantile Co. v. California Co-op. Canneries Ass'n, 122 Kan. 451, 251 P. 1077; Cooper v. Armour & Co., 222 Mo.App. 1176, 15 S.W.2d 946, 950; Farmers' State Bank of Gwinner v. First Nat. Bank of Forman, 51 N. D. 225, 199 N.W. 961, 963; In re Fleshman's Estate, 51 Idaho 312, 5 P.2d 727, 728.