**Robert L. BAILEY, Appellant,**

v.

**GULF INSURANCE COMPANY, Appellee.**

**No. 10192.**

United States Court of Appeals Tenth Circuit.

Jan. 21, 1969.

Sam F. Whitlock, Norman, Okl., for appellant.

James M. Robinson, Oklahoma City, Okl., for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

On October 31, 1966, a three story fraternity house in Norman, Oklahoma, was struck by fire and partially destroyed. In the suit brought by the owner to recover for the resultant loss, the trial court granted summary judgment on the issue of liability in favor of the defendant insurer. On appeal, this court determined that liability had been established and reversed and remanded

with directions to proceed to a determination solely on the question of the proper amount of damages. Bailey v. Gulf Insurance Co., 389 F.2d 889 (10th Cir. 1968). The present appeal by the insured is from the judgment of the trial court again rendered in favor of the insurance company.

Although many of the salient facts were set forth in the previous discussion of this case, it is necessary to briefly elaborate upon the factual background giving rise to the instant controversy. On September 27, 1966, the fraternity house in question having been unoccupied for many months and suffering the effects of age, was declared to be a nuisance by a resolution passed by the City Council of Norman, Oklahoma. The resolution ordered the owner to demolish and remove the structure within thirty days subject to the right to contest the order at a hearing to be held two weeks later. At the subsequent hearing, the then owner, Delta Sigma Phi Fraternity, did not contest the resolution but chose instead to seek additional time to provide for the building's removal. Thereafter, with full knowledge of the aforesaid resolution, appellant Bailey contracted to purchase the property. Shortly after that transfer of ownership and prior to any further attempt to comply with the resolution, the structure caught fire and was substantially damaged.

The district court, sitting without a jury, concluded that the passage of the city resolution operated to render the building valueless as a matter of law.[1] Accordingly, the insured was deemed to have suffered a noncompensable loss and recovery was denied.

Federal jurisdiction being predicated upon diversity, we consider whether, under Oklahoma law, the passage of a city resolution declaring a building a nuisance and ordering its removal renders the structure worthless for purposes of recovery under an Oklahoma Standard Fire Insurance Policy. Much has been made by both parties of the question of whether the "condemnation" of the structure by the city was final and conclusive. We need not, however, inquire into the degree of finality adhering to the resolution nor need we ascertain what additional procedures would have been required before the demolition could have been compelled. The issue is simply one of determining the effect of a legal duty to demolish upon the value of the building. When viewed in this context, it becomes apparent that the district court erred to the extent that the denial of recovery was based upon the effect of the resolution.

Although this precise issue has seemingly not been determined by the Oklahoma courts, the other jurisdictions that have passed upon the issue have refused to exonerate the insurer in these circumstances.[2] Indeed, in an analogous situation in which an owner was also under a legal duty to demolish an insured structure, this court, applying Oklahoma law, determined that at least until physical changes were made in fulfillment of the legal obligation to destroy the building, the insurer could not use the owner's legal duty as a shield against the payment of damages.[3] In a similar vein, the cases overwhelmingly hold that the amount of the insurer's liability is not affected by the exist-

1. The court in setting forth its conclusions of law declared: "Where a purchaser of real property, having knowledge of a valid city council resolution to destroy and remove an insured structure thereon and which structure, before destruction and removal, is partially destroyed by fire suffers no monetary loss under a standard fire insurance policy."

2. Irwin v. Westchester Fire Ins. Co., 58 Misc. 441, 109 N.Y.S. 612 (1908). See generally, Annot., 29 A.L.R.2d 888 (1953), and 45 C.J.S. Insurance § 915 b.

3. American Home Fire Assur. Co. v. Mid-West Enterprise Co., 189 F.2d 528 (10th Cir. 1951); accord, American Ins. Co. v. Treasurer School Dist. No. 37, 273 F.2d 757 (10th Cir. 1959).

ence of an executory contract requiring the insured to sell the property.[4] In these instances in which an insured has sold his property or committed it to destruction, there is admittedly an element of voluntariness that is missing in the case at bar. Nonetheless, the fact remains that in all of these various situations the insured is being paid damages for the destruction of a facility, the loss of which may not have to be borne by him. Whether the insured may have only a few days in which to make use of the structure because it has been condemned, or because it has been sold, is of little consequence. The liability of the insurer is for indemnity against loss to the property and attaches upon the occurrence of the loss. Because the amount of the loss is determined at that time, to open the question of damages to proof that future events might prove the fire to have been of benefit to the insured, "would be but to open a field of speculation and conjecture that would cloud the issue of actual loss in a maze of collateral issues." American Ins. Co. v. Treasurer School Dist. No. 37, 273 F. 2d at 759. In ruling that the "condemnation" of the property eliminated its value, the district court misconceived the true nature of the insurer's obligation. The obligation is not one of reimbursing out-of-pocket loss, but rather, "the measure of the insurer's liability * * * is the real value of the building as such, not its relative value to the insured." Rochester American Ins. Co. v. Short, 207 Okl. 669, 252 P.2d 490, 494 (1953). Thus, the existence of a city resolution declaring a building to be a nuisance has no bearing upon its value for fire insurance purposes.

In determining that the measure of damages was premised upon an erroneous conclusion of law and cannot stand, this court, nevertheless, will not undertake to determine. the correct valuation to be placed on the loss. Instead, the matter will be remanded in order to allow that initial determination to be made, as it properly should be, by the trial court after an examination of the present record.[5] Furthermore, while making no attempt to prescribe the outcome of the trial court's examination of the record in this regard, it would appear that the amount of recoverable loss would be somewhere between a low of $7,000 as estimated by Kenneth Poyner, witness for appellee, and a high of $33,786.50 as estimated by C. O. Abercrombie, witness for appellant, subject of course to policy limits. This follows as a result of the fact that in view of the irrelevancy of the city resolution, any expert estimate of value that is based upon the passage of that resolution is clearly not helpful. The same can be said of the evidence offered to show the value of the unimproved land and the value of adjacent unimproved land. Although the court may consider any fact reasonably tending to throw light upon the subject, the measure of damages "is the fair value of the property destroyed, or as it has been put, the intrinsic value of the building, not the cost of rebuilding, nor the difference in the value of the ground with and without the building." Rochester American Ins. Co. v. Short, 207 Okl. 669, 252 P.2d 490, 494 (1953).

The case is reversed and remanded with directions to proceed in accordance herewith.

---

4. Dubin Paper Co. v. Insurance Co. of North America, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393 (Penn.1949); see Annot., 8 A.L.R.2d 1408 (1949).

5. In a situation where the trial is to the court without a jury, the issue as to the correct valuation of the property, is "an issue of fact * * * for the trial court." Korth v. Zion's Savings Bank & Trust Co., 148 F.2d 170, 172 (10th Cir. 1945). See, Peoria Tribe of Indians v. United Sates, 390 U.S. 468, 88 S.Ct. 1137, 20 L.Ed.2d 39 (1968).