## SISTERS OF MERCY OF PROVIDENCE, INC.

v.

## Wendell W. WILKIE, Tax Assessor for the Town of Cumberland et al.

Nos. 94–762–Appeal, 94–689–Appeal.

Supreme Court of Rhode Island.

Jan. 8, 1996.

James M. Sloan, III, Kristen Sloan Maccini, Providence, for Plaintiff.

Richard F. Kirby, Woonsocket, for Defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on December 5, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant, Wendell W. Wilkie, in his capacity as the tax assessor for the town of Cumberland, appeals from a summary judgment and from a permanent injunction entered for the plaintiff, Sisters of Mercy of Providence, Inc.

In May and July of 1993, defendant issued a notification of taxation to plaintiff for real and personal property taxes. The defendant based its assessment on plaintiff's operation of a nursing-home facility under the name of Mount St. Rita Health Centre. The plaintiff paid the tax bills under protest and filed a complaint in Superior Court, alleging that it was exempt from taxation under a legislative exemption granted in 1973. The plaintiff thereafter filed a motion for summary judgment, with a supporting affidavit and accompanying memoranda. The defendant opposed the motion and argued only that plaintiff's use of its property as a nursing-home facility was not supported by plaintiff's charter.

On April 14, 1994, the trial court entered an order granting plaintiff's motion for summary judgment. The defendant thereafter filed a timely appeal. Within two weeks from the date of entry of summary judgment by the trial court, defendant sent new tax bills to plaintiff for assessments as of December 31, 1993. On June 23, 1994, plaintiff sought injunctive relief, seeking to enjoin defendant from collecting taxes from plaintiff. The trial court granted a temporary restraining order against defendant, and a permanent injunction was entered on November 29, 1994. The defendant also filed an appeal from the entry of the permanent injunction.

■ It should first be noted that although defendant has appealed from the trial court's grant of injunctive relief, defendant does not raise any issues on appeal with respect to the permanent injunction. Rather, defendant argues only that the trial justice erred in granting summary judgment for plaintiff on its complaint for declaratory judgment. The defendant contends that a nursing-home facility is not a reasonable extension of plaintiff's charter whose purpose is stated as follows:

"(a) The general purposes for which this corporation is formed are to operate exclusively for such educational and charitable purposes as will qualify it as an exempt organization under the Internal Revenue Code Section 501 subdivision (c)(3), including for such purposes, the making of distributions to organizations that qualify as tax-exempt organizations under the code.

"(b) This corporation shall have and exercise all rights and powers conferred on corporations under the laws of the State of Rhode Island, provided, however, that this corporation is not empowered to engage in any activity which in itself is not in furtherance of its purposes as set forth in Subparagraph (a) hereof.

"(c) No part of the net earnings, properties, or assets of this corporation, on dissolution or otherwise, shall inure to the benefit of any private person or individual or any member or director of this corporation, and on liquidation or dissolution, all properties and assets of this corporation remaining after paying or providing for all debts and obligations shall be distributed and paid over to such fund, foundation, or corporation organized and operated for charitable or religious purposes as the board of trust-

ees shall determine, and as shall, at the time, qualify as a tax-exempt organization under Internal Revenue Code Section 501 subdivision (c)(3), or as the same may be amended."

■ Upon review of the record before us it is clear that defendant has failed to present any material issue of fact which must be decided by a factfinder. As we have often stated, we shall uphold a trial justice's granting of summary judgment when our review reveals no issue of material fact and the moving party is entitled to judgment as a matter of law. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). The party who opposes a motion for summary judgment has an affirmative duty to set forth specific facts to show that there is a genuine issue of fact to be resolved at trial. *Grande v. Almac's, Inc.*, 623 A.2d 971, 972 (R.I.1993). The opposing party may not rest upon allegations contained in the pleadings alone to establish a genuine issue of material fact. *Nichola v. John Hancock Mutual Life Insurance Co.*, 471 A.2d 945, 948 (R.I.1984).

There is no indication on this record that the Sisters of Mercy deviated in any material respect from the purposes and activities allowed in the charter. The defendant did not engage in any form of discovery nor did he submit any exhibits or affidavits to establish factually that the plaintiff had departed from the limitations of its charter. Specifically, the defendant failed to present any evidence in regard to whether the plaintiff's use of its property for a nursing-home facility was in excess of the uses described in its corporate charter. As stated previously, the defendant cannot rely on his pleadings alone to show that a genuine issue of material fact exists. It was therefore appropriate for the trial judge to grant the plaintiff's motion for summary judgment as a matter of law.

Accordingly, after hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. The defendant's appeal is therefore denied and dismissed, and the judgment appealed from is affirmed. The papers in this case are remanded to the Superior Court.