Vasilios **HARRITOS** et al.

v.

**Nicholas E. CAMBIO** et al.

No. 96–170–Appeal.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Sean McAteer, Frederick G. Cass, North Kingstown, for plaintiff.

Randolph B. Totten, Providence, Shelia High King, Kirsten M. Lacovara, James Carroll, Boston, MA, Eva Marie Mancuso, Providence and Timothy J. McGann, Chepachet, for defendant.

## OPINION

**PER CURIAM.**

The plaintiffs, Vasilios and Patricia Harritos (the Harritoses), appeal from a summary judgment entered in the Superior Court on March 13, 1996, in favor of the defendants, Frank J. Iafrate, John A. Celona, Judith DiOrio, Elena Pherigo, Robert Russo, Alexander Longo, John C. Magnano, and Armand G. DiNapoli, former directors and/or officers of the Central Credit Union (Central), and Nicholas E. and Regina Cambio (the Cambios), former friends of the Harritoses. We granted the outside directors' motion to expedite this appeal and assigned the case for oral argument on September 10, 1996. After hearing the arguments of counsel and examining the memoranda submitted by the par-

ties, we are of the opinion that the trial justice was correct in granting summary judgment. Accordingly we deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court.

This case arises out of a 1989 loan transaction between Central and the Harritoses. The Harritoses applied for a loan from Central, pledging their home as collateral so that the loan proceeds could be used to repay a judgment creditor of Patricia Harritos's brother, Dominic DiPasquale (DiPasquale). At the time of the loan transaction DiPasquale was incarcerated at the Adult Correctional Institutions (ACI) for failure to comply with a trial court's order to repay his judgment creditor. Central, however, rejected the Harritoses' initial loan application.

Eager to liberate DiPasquale from the ACI, the Harritoses persuaded their friends, the Cambios, to transfer to them three properties that they then offered to Central as additional collateral for the loan. With these additional properties pledged as security, Central decided to process the loan.[1] Although DiPasquale promised his sister and brother-in-law that he would make each monthly loan payment, ultimately he defaulted on the loan, prompting Central to foreclose on the pledged properties. As a result the Harritoses lost their home.

Subsequently, the Harritoses filed a twenty-count complaint alleging, *inter alia*, that defendants violated both state and federal civil provisions of the Racketeer Influenced and Corrupt Organizations (RICO) statutes, engaged in fraudulent conduct, negligence, misrepresentation, breach of fiduciary duty, breach of contract, breach of warranty, and conversion.[2]

After a careful review of the evidence the trial justice entered a comprehensive decision rejecting each count of plaintiffs' complaint. He concluded that no evidence existed that defendants had made any kind of material misrepresentation to the Harritoses, or had engaged in any type of racketeering activity necessary to support a federal or a state RICO claim or had otherwise owed plaintiffs a duty of care in administering the loan. The only representations made to the Harritoses, the trial justice determined, were those made by Patricia Harritos's brother, whose failure to make the monthly loan payments caused the Harritoses ultimately to lose their home.

■■■ This court applies the same standard as the trial court when reviewing a summary judgment award, *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994); *see also* Super. R. Civ. P. 56(c), and examines the evidence in a light most favorable to the party opposing the motion. *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 761 (R.I.1990). Pursuant to Rule 56(c), the trial justice must determine whether a genuine issue of material fact remains in dispute. To avoid summary judgment, however, the party opposing the motion cannot rest upon mere allegations or denials but must affirmatively set forth competent evidence that raises a genuine issue to be resolved. *Sisters of Mercy of Providence, Inc. v. Wilkie*, 668 A.2d 650, 652 (R.I.1996). If the nonmoving party is unable to show that a factual dispute exists and if it is determined that the moving party is entitled to judgment as a matter of law, summary judgment should enter. *Hydro–Manufacturing, Inc.*, 640 A.2d at 954.

■■■ In this instance the trial justice found no competent evidence to support any factual allegations set forth in the plaintiffs' complaint with respect to the defendants' summary judgment motion. The trial justice held that the lack of such competent evidence as applied to each of the plaintiffs' allegations entitled the defendants to judgment as a matter of law. We completely agree. Not a shred of evidence exists to support plaintiffs' multifarious complaint.

Accordingly the appeal of the plaintiffs is denied and dismissed. The summary judgment entered in the Superior Court is af-

---

1. As further security for the loan, both DiPasquale and Nicholas Cambio executed guaranties in the amount of $154,935.

2. The Cambios were not named in the counts relating to negligence, breach of contract, breach of fiduciary duty, and conversion.

firmed, and the papers in the case may be remanded to the Superior Court.