DECISION
This matter is before the court on defendants' motion for summary judgment, pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure.
Facts/Travel
The plaintiffs, Lawrence T. Carlson, Robert L. Carlson, and Adele M. Carr (herein "plaintiffs"), are owners of undeveloped land in the Town of Smithfield. The land, which consists of three non-contiguous parcels, is located in a low density zoning district designated as "R-80" (Exhibit A.)
On or about June 7, 1995, plaintiffs submitted an application (herein Application I) to build a residential cluster development. (Exhibit A.) This proposed development would allow plaintiffs to build 63 house lots on their property. (Id.) By decision dated July 14, 1995, the Planning Board approved plaintiffs "Pre-Application." (Exhibit B.) To effectuate full approval, plaintiffs needed to obtain a use variance from the Zoning Board. (Id.) On September 27, 1995, the Zoning Board unanimously denied Application I. Included in their reasoning was a statement that "applicants seek to place a cluster development on three discontiguous parcels of land." (Exhibit F.) On November 10, 1995, plaintiffs appealed the denial of Application I to the Superior Court.[1]
The plaintiff's filed a second application (herein "Application II") for a residential cluster development. (Exhibit G.) This application, dated September 18, 1995, would allow plaintiffs to construct 42 house lots in a low density residential district. Application II involved one of the parcels which was the subject of Application I. (Id.) (See also, Plaintiff's Memorandum at 4; Defendant's Supplemental Memorandum at 3.) The Planning Board granted preliminary approval of Application II on October 2, 1995. (See Defendant's Supplemental Memorandum of Law in Support of its Motion for Summary Judgment at 3.) By letter dated October 6, 1995, the Smithfield Building/Zoning Official sent plaintiff Lawrence Carlson a letter stating that the application was being "placed on hold until a new or revised application has been filed." (Exhibit I.) The letter went on to state that "the second application . . . does not identify whether it is a Variance or a Special Use Permit or Appeal. Nor does the application indicate that the application will be filed under Section 10-12 Repetitive Petitions." (Id.) On November 24, 1995, plaintiffs filed a complaint in Superior Court.[2] In this complaint, plaintiffs asked the Court to issue a Writ of Mandamus directing the defendant, Town of Smithfield Zoning Board, to hear Application II.
The plaintiffs filed a third application (Application III) for a residential cluster development. (See Exhibit H.) This application, dated December 8, 1995, would allow plaintiffs to build 20 house lots in a low density residential district. (Id.) Application III involved lots which had been the subject of Application I. On December 4, 1995, the Planning Board granted preliminary approval for Application III. (See Defendant's Supplemental Memorandum of Law in Support of its Motion for Summary Judgment at 3.)
On January 2, 1996, plaintiffs recorded two plans in the Smithfield Land Evidence Records. The first, called Comet Farm Proposed Lot Cluster Development, Smithfield, Rhode Island, was the subject of Application II. (Exhibit G, K.) The second, called Faith Hill Proposed 20 Lot Cluster Development, Smithfield, Rhode Island, was the subject of Application III. (Exhibit H, L.) On January 29, 1996, plaintiffs submitted a "Claim for Damages" to the Smithfield Town Council. (Exhibit M.) The plaintiffs alleged that (1) "Smithfield has no proper legal procedure for the approval of the design for the roads, drainage and other improvements necessary to the orderly development and sale of the lots in the Cluster Developments" and (2) "Claimaints have no remedy to redress their inability to finalize their development and sale of the lots in the Cluster Developments other than an action for damages." (Exhibit M.) Plaintiffs alleged damages in the amount of $5,500,000. (Id.)
By letter dated May 8, 1996, the Chairman of the Smithfield Planning Board informed plaintiffs' engineer that plaintiffs could not begin constructing roadways for the Faith Hill and Comet Farm Cluster Developments. (Exhibit N.) The letter further stated that "it is the Planning Board's understanding that as of this date neither of the proposed subdivisions have received Zoning Board approval of the cluster proposals." (Id.) This required approval is outlined in Section 6.5 of the Smithfield Zoning Code.
On October 9, 1996, plaintiffs filed the complaint before this Court. The plaintiffs allege a taking in that "Smithfield has no proper legal procedure for the approval of the design for the roads, drainage and other improvements necessary to the orderly development and sale of lots in the Cluster Development." (Plaintiff's Memorandum in Opposition to Summary Judgment at 1.) The plaintiffs seek compensation in the amount of $5,500,000. The present matter before this Court is defendant's motion for summary judgment to which plaintiffs have objected. The plaintiffs contend that Section 6.5 of Smithfield's Zoning Ordinance, regarding cluster developments, is "ultra vires" as it requires approval from the Zoning Board and Planning Board.
Summary Judgment
Rhode Island Super. R. Civ. P. 56 governs summary judgment. Rule 56 (c) requires a trial justice to determine the necessity of a trial by identifying genuine issues of material fact in dispute. Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy ofProvidence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after review of the evidence in the light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. Rule 56 (c). Harritos, et. al v. Cambio, et. al, 683 A.2d 359 (R.I. 1996).
General Laws Chapter 45-24 "Zoning Ordinances" and TheSmithfield Zoning Ordinance
Section 45-24-31 (13) of the General Laws defines a cluster. A cluster is "a site planning technique that concentrates buildings in specific areas on the site to allow the remaining land to be used for recreation, common open space, and/or preservation of environmentally, historically, culturally, or other sensitive features and/or structures." A cluster development is a form of land development project for which a zoning ordinance may provide. (See G.L. 1956 § 45-24-31 (37) § 45-24-47 (A).)
Section 45-24-47 (B) of the Rhode Island General Laws provides procedural guidelines for reviewing land development projects adopted in accordance with chapter 24:
 "A zoning ordinance adopted pursuant to this chapter which permits or requires the creation of land development projects in one or more zoning districts shall require that any land development project be referred to the city or town planning board or commission for approval, in accordance with the procedures established by chapter 23 of this title, including those for appeal and judicial review, and with any ordinances or regulations adopted pursuant there to, whether or not the land development project constitutes a "subdivision" as defined in chapter 23 of this title. No land development project shall be initiated until a plan of the project has been submitted to the planning board or commission and approval has been granted by the planning board or commission. In reviewing, hearing, and deciding upon a land development project, the city or town planning board or commission may be empowered to allow zoning incentives within the project, provided standards for such adjustments are described in the zoning ordinance, and may be empowered to apply such special conditions and stipulations to the approval as may, in the opinion of the planning board or commission, be required to maintain harmony with neighboring uses and promote the objectives and purposes of the comprehensive plan and zoning ordinance."
The procedure requires Planning Board approval for the initiation of land development projects. Although the statute states that "the city or town planning board or commission may be empowered to allow zoning incentives," the Planning Board has not been empowered to usurp the role of the zoning board in the area of land development projects. Smithfield's Zoning Ordinance includes a provision for cluster developments. (See Section 6.5.) The approval procedure requires that a person, seeking approval for a cluster development, obtain preapplication approval from the Smithfield Planning Board before going to the Zoning Board. (See
Smithfield Ordinance § 6.5.2 Entitled "Procedure.")
Chapter 45-23 "Subdivision of Land"
Chapter 45-23 of the Rhode Island General Laws contains provisions for subdivision of lands. The General Laws require that "all lawfully adopted land development and subdivision review ordinances, regulations, and rules shall be brought into conformance with this chapter by December 31, 1995." G.L. 1956 § 45-23-28.
In January of 1996, the Town of Smithfield, was given additional time to bring its land development ordinances into compliance with chapter 45-23 of the Rhode Island General Laws. (See 1996 R.I. Pub. Laws 96-001 96-003.) Pursuant to Public Laws 96-001 96-003, Smithfield was given "until June 30, 1996 or until the town adopts its new ordinances, regulations, and rules, whichever shall first occur." Until the new ordinances were adopted, Smithfield's "previously enacted ordinances, regulations and rules" were to remain in effect. (Id.) "Upon passage," the new Smithfield ordinances were to be given retroactive effect to December 31, 1995. (Id.) The new land development and subdivision review regulations were adopted on March 4, 1996.
Application
The plaintiffs contend that defendant, Town of Smithfield, has taken their land in violation of the Fifth Amendment of United States Constitution. The plaintiffs complain that the Smithfield Zoning Ordinance, which requires both Planning Board and Zoning Board approval for a cluster development, does not conform to the mandates of G.L. 1956 § 45-24-47 (B) and as such is "illegal, null and void." The plaintiffs assert that the Planning Board has exclusive jurisdiction to approve cluster developments. For this reason, plaintiffs contend that the acts of Smithfield's Zoning/Building Official, its Planning Board Chairman and its Zoning Board are "ultra vires."
Although the statute is clear in stating that the "town planning board . . . may be empowered to allow zoning incentives within the project, provided standards for such adjustments are described in the zoning ordinance," Section 45-24-47 (B) does not evince a legislative intent to eliminate the role of the Zoning Board in the area of land development projects. Although the statute clearly requires preliminary approval from the Planning Board, it does confer exclusive jurisdiction in this area to the Planning Board, whose authority here is derived from section 45-23. Accordingly, the Smithfield Zoning Ordinance, which requires both Zoning Board and Planning Board approval for cluster developments, complies with the Enabling Act.
Finally, Smithfield's Zoning Ordinance provisions, which deal with cluster developments, have always been in effect during the time period of this controversy. Although Smithfield's new land development and Subdivision Regulations were adopted on March 4, 1996 to ensure compliance with General Laws 45-23-28 and P.L. 96-001 96-003, Smithfield's Zoning Ordinance and its provisions dealing with cluster developments, were not and have not been changed during the time period of this controversy.[3] The current Smithfield Zoning Ordinance was adopted in June of 1994.
Takings
The Fifth Amendment of the United States Constitution forbids the taking of "private property . . . for public use without just compensation." Rhode Island has analogous provisions in article I section 16 of its state constitution. Recently, in Brunelle v.Town of South Kingstown, 700 A.2d 1075 (R.I. 1997), the Rhode Island Supreme Court discussed the different types of takings. The first and most indisputable type of taking occurs when there is a "physical intrusion." Id. at 1081-82 (citing Lucas v. SouthCarolina Coastal Council, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 2893, 120 L.Ed.2d 798, 812 (1992)). A "physical intrusion" is a "per se" type of taking and always requires compensation. Id. at 1081 (citing Lucas, 505 U.S. at 1015, 112 S.Ct. at 2893, 120 L.Ed.2d at 812).
Absent a "physical intrusion" other situations still obviate a takings analysis. The first situation occurs when a "governmental regulation denies a landowner of all economically beneficial use of his or her property." Id. at 1082. In this situation, a property owner is entitled to compensation "unless the state can demonstrate that the use prohibited by the governmental regulation was not a permitted use under the land-owner's title to begin with." Id. (citing Lucas, 505 U.S. at 1027-31, 112 S.Ct. at 2899-2901, 120 L.Ed.2d at 820-22.) The second type of regulatory taking occurs when a regulation "reduce[s] the economic value of a landowner's property." Id. at 1082. Here, if a state regulation arises from "general police powers," the court must determine if "`the economic impact of the regulation on the claimant and . . . the extent to which the regulation has interfered with distinct investment-backed expectations.'" Id. (citing Lucas, 505 U.S. at 1019 n.8, 112 S.Ct. at 2895 n.8, 120 L.Ed.2d at 815 n.8 (citations omitted)).
The plaintiffs contend that Smithfield's failure to have a "proper legal procedure for the approval of the design for the roads, drainage and other improvements necessary to the orderly development and sale of lots in the Cluster Developments," resulted in a taking for which they are entitled to compensation. Although it is possible to allege a taking when a state acts in accordance with its "general police powers," Brunelle, 700 A.2d at 1083, plaintiffs' takings arguments have no merit. The Town of Smithfield has a procedure for the approval of Cluster Developments. That procedure, with which plaintiffs have failed to comply, requires approval from both the Smithfield Planning and Zoning Boards. This Court has determined that Smithfield's Zoning Ordinance is not illegal. Accordingly, there is no taking, and defendants' motion for summary judgment is hereby granted.
Counsel shall submit the appropriate judgment for entry.
[1] See Lawrence T. Carlson, et al. v. Smithfield Zoning Boardof Review, C.A. No., 95-6033.
[2] See Lawrence T. Carlson, et al. v. Smithfield Zoning Boardof Review, C.A. No. 95-6303.
[3] The Legislature has differentiated between provisions on "zoning ordinances" and provisions on "subdivisions of land." Section 45-23 deals with subdivisions of land while section 45-24 deals with zoning ordinances.