DECISION
On February 9, 1998, this court conducted a hearing regarding defendants' motion to dismiss and/or motion for summary judgment in this action. Plaintiff, William Seabury, brought this suit against Defendants Antone Demenzes, Germaine Demenzes and The Estate of Susan Brayton. Plaintiff alleges undue influence, fraud and coercion by defendants against decedent Susan Brayton, in connection with the execution of her final Will and a real estate conveyance.
Facts/Travel
It remains undisputed that in April, 1996, the decedent, Susan Brayton, returned home from a serious hospitalization and required home nursing care. Valerie Smith agreed to provide care to Ms. Brayton on the weekends and arranged for daytime care from Chris Poe and evening care from Germaine DeMenzes. In June, 1996, Valerie Smith and Chris Poe left Ms. Brayton's employ and Theresa Silvia began assisting in Ms. Brayton's care. Smith and Poe aver that they left Ms. Brayton's employ due to allegations of theft made about them by DeMenzes. The record reveals that throughout this time, Ms. Brayton was heavily medicated. On September 6, 1996, approximately five months after Germaine DeMenzes became employed by Susan Brayton, Ms. Brayton transferred her home and property in Little Compton, RI to Germaine DeMenzes and her husband, Antone Demenzes. Furthermore, on October 25, 1996, two days prior to her death, the decedent modified a Will prepared several months prior thereto, and transferred all of her remaining assets to the Defendants, Germaine DeMenzes, Antone Demenzes and Theresa Silvia. The Decedent disinherited her brothers, sisters and other family members. Plaintiff, William Seabury, the decedent's brother, brings this action alleging fraud and undue influence by the defendants and seeks relief by this court in the form of injunctive relief, prohibiting the transfer, by defendants, of any property received from decedent; a declaration of the real estate conveyance as null and void; and a declaration of the Wills as null and void.
In the instant motion before the court, the defendant argues that the court should dismiss plaintiff's complaint as fatally defective because plaintiff fails to plead fraud with the particularity required by R.I. Super. R. Civ. Pro. R. 9(b). Furthermore, moving beyond the face of plaintiff's complaint, defendant argues that the plaintiff has failed to present any facts to the court to prove either the "detriment" element of plaintiff's fraud allegation or the involuntariness of plaintiff's conveyance of real property. In opposition, plaintiff argues that genuine issues of material fact exist regarding undue influence and, as support, provides the probate court testimony of Attorney Holland, probate court testimony of Valerie Smith, affidavit of Valerie Smith, affidavit of Chris Poe, and deposition testimony of William Seabury.
Rule 9(b)
Rule 9 of the Rhode Island Rules of Civil Procedure governs the pleading of special matters. In particular, Rule 9(b) provides:
 (b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally. (emphasis added).
Neither the text of this rule, nor the Rhode Island Supreme Court, explicitly state the degree of detail with which the party must plead "circumstances constituting fraud." However, federal cases interpret "circumstances" under this rule as a requirement to plead "matters such as the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Wright Miller, Federal Practice and Procedure, Civil 2d, Sec. 1297 (1990). The court must also temper this requirement under Rule 9(b) with the liberal construction of pleadings encouraged by Rule 8 and Rule 15.[1]
In the case at bar, the plaintiff moved for an amended complaint on October 29, 1997 and the court granted that motion on December 4, 1997. In this amended complaint, the plaintiff identifies statements made by Germaine Demenzes in May and June, 1996, to Susan Brayton, while Ms. Brayton was severely ill and heavily medicated "advising the decedent that her family didn't care about her well-being and that nobody was there for her." (Pl. Complaint at paragraph 9). Plaintiff also identifies statements made by Germaine DeMenzes, during the same time frame, to Ms. Brayton, accusing other caretakers of both stealing the decedent's cat and stealing food from her refrigerator. (Id. at paragraph 13). Plaintiff alleges that as a direct result of these statements, the defendants secured both the transfer of real estate to them and the bequest of various gifts to them under Ms. Brayton's will. (Id. at paragraph 20 and 21).
It is this court's opinion, after a careful review of the complaint filed in this matter, and after due consideration of the relevant Rules of Civil Procedure, the caselaw, and other persuasive authority, that the plaintiff's amended complaint complies with Rule 9(b) in that it alleges fraud with the requisite particularity. Specifically, the plaintiff sufficiently pleads the time, place and content of the misrepresentations, as well as the identity of the speaker and the benefit obtained therefrom. Accordingly, this court denies defendant's motion to dismiss on the basis of a violation of Rule 9(b).
Rule 56(c)
In considering a motion for summary judgment, the trial justice must determine the necessity of a trial by identifying genuine issues of material fact in dispute. Rotelli v. Catanzaro,686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy of Providence, Inc. v.Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after review of the evidence in the light most favorable to the nonmoving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. Rule 56(c). Harritos, et al v.Cambio, et al, 683 A.2d 359 (R.I. 1996).
In the case at bar, in addition to the defendant's argument that the plaintiff failed to sufficiently plead fraud, defendant argues that the plaintiff has failed to provide the court with sufficient proof of fraud to withstand summary judgment. In particular, defendant argues that the plaintiff has failed to present competent evidence to set forth a prima facie case of fraud.
In Rhode Island, to recover on a claim in tort for fraud or deceit, the plaintiff bears the burden of proving that the defendant (1) made a false statement (2) knowing it to be false (3) with the intent to deceive the plaintiff and which did, in fact (4) induce plaintiff's reliance on the statement, (5) to plaintiff's detriment. Katz v. Prete, 459 A.2d 81 (R.I. 1983).
Plaintiff, William Seabury, has presented competent evidence, through the sworn testimony of Valerie Smith, of particular disparaging statements made by Germaine DeMenzes to Ms. Brayton regarding Ms. Brayton's family and other caretakers. (Probate Tr. p. 81-84). Plaintiff has also presented competent evidence, through the sworn testimony of Valerie Smith and William Seabury, which suggest that these statements made by Germaine DeMenzes were untrue. Id. at 95-96; See also July 10, 1997 Depo. Tr., William Seabury). Although plaintiff does not present direct testimony evincing defendant's intent to deceive plaintiff, plaintiff presents testimony from which the court may draw a reasonable inference of intent to deceive. For example, William Seabury, himself, testified that Germaine DeMenzes would not allow him to see his sister, the decedent. (Seabury Depo. Tr. pp. 16-18). Valerie Smith also testified that Germaine DeMenzes would not allow her, on several occasions, to visit Ms. Brayton in the summer of 1996. (Probate Tr. pp. 96-97). These actions, if true, coupled with the statements made by Germaine DeMenzes to Ms. Brayton, would permit the court to reasonably infer an intent to deceive on the part of Germaine DeMenzes.
In conclusion, in viewing this evidence in the light most favorable to the plaintiff, this court determines that the plaintiff has met its burden to demonstrate, through competent evidence, that genuine issues of material fact exist for the trier of fact. Accordingly, this court denies defendants' motion for summary judgment.
Counsel shall submit the appropriate judgment for entry.
[1] R.I. R. Civ. Pro. R. 8(f) provides that "All pleadings shall be so construed as to do substantial justice." The R.I. Supreme Court has interpreted Rule 15 as "liberally permitting" amendments to pleadings absent extreme prejudice. Washberger v.Pepper, 583 A.2d 77 (R.I. 1990).