DECISION
This matter is before the court on Janet Lewis' (defendant) Motion for Summary Judgment. This Court has jurisdiction pursuant to R.I. Super. R. Civ. Pro. 56.
 Facts
The Defendant owns a certain parcel of land designated as tax assessor's Lot 19 on Plat 29 in Little Compton, Rhode Island. This parcel was acquired in 1964 by the Defendant and her then husband by a recorded deed from Winthrop Wordell. This parcel was held by the Defendant and her husband as Tenants by the Entiretys. Defendant's former husband conveyed all his interest to the Defendant after their divorce in 1990.
The defendant's neighbors, the DelSestos (Plaintiffs), own tax assessor's Lot 20 on the Plat 29. They obtained title in 1986 by recorded deed from one Donald Crowther. Mr. Crowther had acquired title to this property from the same Winthrop Wordell from whom the Defendants purchased their land.
According to the parties, the Defendant's former husband made an oral agreement with Winthrop Wordell to realign the common boundary line between Lot 19 and Lot 20.[1] Though she held title as Tenant by the Entirety, the Defendant was not privy to this oral agreement.
This attempted oral conveyance of land purported to convey to Defendant's husband, a small triangular shaped parcel from the southwest corner of Lot 20. In exchange, Defendant's husband allegedly agreed to transfer a slightly larger and similarly shaped parcel from the northwest corner of Lot 19 to Lot 20. None of the subsequent deeds reference this purported alteration in the boundary lines.
The parties report intermittent use and maintenance of the part of Lot 20 in question. Such activity included grass cutting, brush clearing and hay collecting, as well as gardening by the Plaintiffs and/or their agents. At the time Plaintiff began utilizing part of Lot 20 for gardening, the Defendant erected a fence along the original boundary, thereby ejecting Plaintiff from the area.
The Plaintiffs filed an Amended Complaint in September 1995 alleging ownership by adverse possession and two counts of unlawful trespass. The Defendant's instant motion was filed on August 14, 1998 and orally argued on October 5, 1998.
 Summary Judgment
Rhode Island Super. R. Civ. P. 56 governing summary judgment requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute. Rotelliv. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy of Providence,Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after reviewing the evidence in light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. 56 (C); Harritos, et. al. v.Cambio, et. al., 683 A.2d 359 (R.I. 1996).
 No Proof of Adverse Possession
Establishing title of real property by way of adverse possession is a statutorily created right in Rhode Island.[2]
The case law in Rhode Island is well settled; the adverse nature of the possession must be actual, open, notorious, hostile, under claim of right, continuous and exclusive. Walsh v. Cappuccio,602 A.2d 927 (R.I. 1992) citing Lee v. Raymond, 456 A.2d 1179, 1182 (R.I. 1983). In order to succeed with a claim of adverse possession, the claimant must establish each of the above elements by clear and convincing evidence. Gammons v. Caswell,447 A.2d 361 (R.I. 1982).
Looking to the Plaintiff's recitation of the factual circumstances, the following situation is presented. At some point, an oral agreement was made purportedly reestablishing the boundaries for these two properties. Granite markers were then placed in order "to reinforce and demarcate the location of said boundary realignment established in said oral agreement."Plaintiffs' Memorandum at 3. The property was later conveyed to Mr. Crowther who was informed of the new boundaries as marked by the granite. Mr. Crowther's deed, however, does not reference these new boundaries. According to Plaintiffs' own admission, Mr. Crowther was an absentee landowner. Id. at 4. Aside from routine maintenance and the occasional summer party, the Lot was not utilized.
In 1986, when Mr. Crowther conveyed the Lot to Plaintiffs, he informed them of the granite boundary markers. Again, the deed conveying this land did not contain language referencing these new boundaries. Over the course of their ownership, at least some use was made of the property in the "realigned" area, but the record indicates that this use was sporadic, to say the least.
These facts, even considered in the light most favorable to the Plaintiffs, are not sufficient to overcome the Defendant's Motion for Summary Judgment. First, it is questionable whether the Plaintiffs clearly establish possession and use of this particular area of property for the requisite ten years. While there does seem to be some use of this property, particularly the parcel located on Lot 19, it does not appear to be continuous or uninterrupted.
Second, the requisite element of hostility is clearly lacking. The documents submitted by Plaintiffs themselves indicate that Plaintiffs, as well as their predecessors, believed the granite to mark the boundaries of their property. Accordingly, the occasional use of this parcel was made by those who believed it was in their ownership.[3] The absence of facts sufficient to establish these two elements provides ample ground for this Court's decision that the Plaintiffs' claim of adverse possession must fail.[4]
Furthermore, the failure of the Plaintiffs' adverse possession claim necessarily requires dismissal of the two trespassing counts as well since Plaintiffs have no other claim to this parcel. It is so well-settled that oral conveyances of land are void under the Statute of Frauds that extensive discussion is not warranted.
Accordingly, the Defendant's Motion for Summary Judgment is granted. Counsel will prepare the appropriate judgment.
[1] It is alleged that under the terms of the . . . agreement, the common boundary line was purportedly realigned such that the frontage of Lot 19 was increased by approximately 5 and 1/2 feet, and the length of the rear boundary line was decreased by approximately 18 and 1/2 feet. In turn, Lot 20 allegedly gained 18 and 1/2 feet along its rear boundary line, and lost approximately 5 and 1/2 feet of its frontage. Memorandum of Lawin Support of Defendant Janet Lewis' Motion For Summary Judqment
at 2; Memorandum of Law in Support of Plaintiff's Steven L.DelSesto and Nancy A. DelSesto. Objection to Defendant's. JanetLewis, Motion for Summary Judgment at 3.
[2] "Where any person or persons, or others from whom he or they derive their title, either by themselves, tenants or lessees, shall have been for the space often (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any land, tenements or hereditament for and during such time, claiming the same as his, her or their proper, sold and rightful estate in fee simple, such actual seisin and possession shall be allowed to give and make a good and rightful title to such person or persons, their heirs and assigns forever." G.L. § 34-7-1
(1956) (1984 Reenactment).
[3] There is further evidence in the record that the Defendant's former husband also retained maintenance duties over the course of his ownership with Defendant.
[4] Similarly, this Court finds the Plaintiffs' argument under the Common Law Doctrine of Acquiescence to be creative but unpersuasive given the sporadic use by former owner, Mr. Crowther, and the fact that Plaintiffs admit to only continuously using the property for eight rather than ten years.