DECISION
This matter comes before the Court on Plaintiff's motion for summary judgment. The Defendants have also filed a cross motion. This Court has jurisdiction pursuant to Rule 56 of the Rhode Island Superior Court Rules of Civil Procedure.
Rhode Island Super. R. Civ. Proc. 56, governing summary judgment requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute.Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy ofProvidence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may property grant summary judgment only when, after reviewing the evidence in fight most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. 56 (c);Harritos, et al. v. Cambio, et al., 683 A.2d 359 (R.I. 1996).
On June 29, 1992, Bluff Head Corporation purchased Lot 434-2 from HCM Restaurant, Inc. The neighboring lot, 434-1 was owned at that time by Fleet National Bank. This lot was purchased by Harbor Point Properties (HPP) in August 1994 "free and clear of all easements and encumbrances not otherwise outlined in the deed." Harbor Point Properties, Inc. Memorandum of Law in Supportof Motion for Summary Judgment, 3. In August 1998, Sakonnet Point filed suit against defendants Bluff Head Corp. And Philemon T. Marvell, M.D., seeking to enforce a parking easement. The parking easement is referenced in a deed conveying lot 434-2 to Bluff Head Corp.
The Quitclaim Deed conveying lot 434-2 to Bluff Head states that
 "said premises are conveyed subject to the benefit of:. . . . all easements reasonably necessary for access and egress to said marina facility for the enjoyment, use, maintenance and repair of the same, and for the parking of twenty-one (21) motor vehicles for the benefit of said slip owners/lessees and their guests, said easement area(s) to contain not less than 5,400 square feet of land. The exact location of said parking easement . . . may change from time to time, but shall at all times be located on the premises conveyed herein or Lot 434-1." See Exhibit A.
Harbor Point argues that when the deed for lot 434-2 was made, neither the defendants nor HCM restaurant (the grantor) had any interest in lot 434-1. At that time, although Defendant Marvell had entered into a Purchase and Sale for both lots, he only purchased 434-2. The other lot was owned by Fleet Bank until its sale in 1994. Therefore, Harbor Point argues, the deed for 434-2 cannot create an easement on lot 434-1 because the parties had no ownership interest in that lot "At the time the deed was executed, it was merely anticipated that defendants would purchase Lot 434-1 and thereafter grant such easement." HarborPoint Memorandum at 3-4.
Sakonnet Point Marina Association argues that the Court when the deed language is clear and unambiguous, the court must give effect to such language. The language in the deed here is exceedingly clear. Under the terms of the deed, the conveyance provides:
1. 21 parking spaces
2. for slip owners and guests
3. an easement area of no less than 5,400 square feet
4. the exact location may change from time to time but it can only be located on one of the two lots, 434-1 or 434-2.
However, despite the clarity of the deed language, this Court cannot recognize the purported easement on Lot 434-1. Because an easement is an interest in land, anyone who is the possessor of the land may burden it with an easement; that easement cannot last any longer than the possessor's possessory estate in the land. Allingham v. Nelson, 627 P.2d 1179, 1182 (Kan. App. 1981). One cannot grant an easement in what one does not own. Thompsonon Real Property, The Law of Easements § 60.03 (a)(4).
HCM was in a position to sell only that Lot to which it held title — 434-2. Though Defendant Marvel entered into a purchase and sale for both subject lots, this agreement was with both rightful owners each representing their own interests. Fleet was agreeing to sell 434-1 and HCM was agreeing to sell 434-2. When Defendant Marvell decided to purchase 434-2 only, the purchase-and-sale for the other lot was nullified. As HCM only held title to 434-2, it only had the authority to create an easement in that lot. It is clear from the deed conveying 434-1 from Fleet to Harbor Point that Fleet did not contemplate the creation of an easement on this lot regardless of the owner. Fleet agreed to create an easement in this lot only in anticipation that Defendant would purchase and subsequently own both pieces of property. See Exhibits A, B, and C.
For the aforementioned reasons this Court grants the Plaintiff's motion for summary judgment. The Defendants' cross motion for summary judgment is hereby denied.