DECISION
This matter comes before the court on Defendant, Carol Silva's motion for summary judgment. This Court has jurisdiction pursuant to Rule 56 of the Superior Rules of Civil Procedure.
On October 23, 1994, Plaintiff Keith Costa was injured while playing on a rock formation on property owned by one of the two defendants. At the time of the incident, Keith was 13 years old. He was familiar with the property in question and had been there many times.
Defendant Silva brings this motion on the ground that Keith assumed the risk of injury. She claims that "Keith's parents were familiar with the farm and knew that Keith would be climbing on rocks like the one from which he fell. . . . Keith perceived, understood and appreciated the risk associated with horsing around on those rocks."
Plaintiff Stephen Costa, asserts that he was not familiar with the lay of the land and was unaware that his son was playing on those rocks. The Plaintiffs argue that the motion for summary judgment should be denied because the doctrine of assumption of the risk is a question of fact, not law.
 Summary Judgment
Rhode Island Super R. Civ. Proc. 56, governing summary judgment, requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute.Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summmary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather; the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy ofProvidence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grunt summary judgment only when, after reviewing the evidence in light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. 56 (c);Harritos, et al. v. Cambio, et al., 683 A.2d 359 (R.I. 1996).
 Assumption of the Risk
The principles governing the doctrine of assumption of the risk are well settled. Martins v. Omega Electric Co. Inc.,692 A.2d 1203 (R.I. 1997). This is an affirmative defense that "may be invoked * * * by a tortfeasor to escape or diminish liability" for having created "an unreasonable risk of injury" Labrie v.Pace Membership Warehouse, Inc. "In the absence of an express agreement, an individual does not assume the risk of harm arising from another's conduct unless be [or she] knows of the existence of the risk and appreciates its unreasonable character" Rickey v.Boden, 421 A.2d 539, 543 (R.I. 1980). What a person knows and appreciates is a subjective standard, generally left to the trier of fact. Only where the facts suggest one reasonable inference will the inquiry become a question of law for the trial justice.Id.
The Court's reading of the facts in this matter does not Jead to the conclusion that only one reasonable inference can be drawn. For example, there is conflicting testimony regarding Plaintiff; Stephen Costa's knowledge about the rock formation and his son's tendency to play there. Mr. Costa's affidavit reveals that Keith was present on the farm for the purpose of working in exchange for riding lessons. Had Mr. Costa known that his son was climbing on the rocks he would have forbidden him to do so. There is no evidence that the minor Plaintiff Keith was ever warned about the dangerousness of playing on this formation, nor is there sufficient evidence that he appreciated the risk presented. Since a subjective standard is utilized, consideration of Keith's minority is also required.
Furthermore, there is evidence that Carol Silva, defendant, knew of the Keith's pattern of playing on this rock formation. Because these and other factual disputes exist, fairness compels a resolution by trial. The materials submitted do not support the drawing of a single reasonable inference which would transform this controversy into a dispositive issue of law. Therefore, the defendant's motion for summary judgment must be denied.
The attorneys for the parties will submit the appropriate judgment.