DECISION
This matter is before the court on Defendant, Kevin Stacom's motion for partial summary judgment. This court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
 Facts/Travel
The plaintiff was hired to do some carpentry work at a Newport bar known as McKenna's Parlour. He alleges that he is owed a balance of $7,599.84 and seeks to collect from the seven defendants. Defendant Stacom maintains that he is not personally liable to the plaintiff because plaintiff was "hired by and was to be paid by 109 Long Wharf Tavern, Inc., a corporate defendant."
After trial, the Second Division District Court entered judgment against 109 Long Wharf Tavern, Inc. and dismissed the case against the remaining six defendants. Plaintiff filed the instant appeal. Defendant Stacom filed this motion for partial summary judgment.
 Summary Judgment
Rhode Island Super. R. Civ. Proc. 56, governing summary judgment, requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute.Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy ofProvidence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after reviewing the evidence in light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warranis judgment as a matter of law. R.I. Super. R. Civ. P. 56 (c);Harritos, et al. v. Cambio, et al., 683 A.2d 359 (R.I. 1996).
In support of his motion for summary judgment, the defendant denies that he is personally responsible to the plaintiff for any money due as compensation for plaintiff's work at McKenna's Parlour. Defendant Kevin Stacom's Memorandum In Support of HisMotion for Partial Summary Judgment, 2. Defendant asserts that at all times, he was acting as the agent of a disclosed principal, namely, 109 Long Wharf Tavern, Inc. Id. The defendant relies on a letter written by plaintiff to the City Council requesting that the Council void the transfer of a liquor license from 109 Long Wharf Tavern, Inc. to Road Kill Cafe, Inc. "The plaintiff's attorney states, in his letter to the City Council, `this officerepresents Kevin Keaveney Construction and Gerard Campbell,creditors of 109 Long Wharf Tavern, Inc., d/b/a/ MeKenna's Parlour.'" Id. at 3 citing Exhibit E. The defendant argues that this letter makes clear exactly which party is indebted to plaintiff, 109 Long Wharf Tavern, Inc.
The defendant also states that "it is equally clear from the plaintiff's affidavit that defendant Kevin Stacom was not a party to the agreement with the plaintiff. Since Kevin Stacom was not a party to the contract, defendant Kevin Stacom is not liable to the plaintiff for the alleged breach thereof" Id. at 4.
The plaintiff opposes the defendant's motion on the grounds that there are genuine issues of material facts which preclude summary judgment at this stage. Plaintiff offers Exhibit D, Plaintiff's sworn affidavit, stating that Plaintiff did not disclose his agency relationship or identity of his alleged principal. Plaintiff argues that while he was working with Defendant Stacom, he was never informed that he was dealing with 109 Long Wharf Tavern, Inc., at least not during the time the contract was being formed. Plaintiff's Memorandum, 4-5. "Plaintiff states in his affidavit that Defendant Stacom requested services not on behalf of 109 Long Wharf Tavern, Inc., but on behalf of himself and his partner at McKenna's Parlour, John Mitchell." Id.
It is difficult to imagine a clearer example of a case with genuine issues of material fact in dispute. It seems clear to this Court that the instant matter is not ripe for an action in summary judgment. Therefore, the Defendant, Kevin Stacom's motion is hereby denied.
The attorneys for the parties will submit the appropriate judgment.