DECISION
This matter comes before the court on defendants' motion for summary judgment. This Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
The defendants have outlined three issues as pertinent to their motion: (1) failure to state a claim for intentional infliction of emotional distress absent proof of resultant physical ailments; (2) failure to state a claim for malicious prosecution as a disciplinary referral does not constitute the initiation of a criminal proceeding; (3) the applicability of qualified privilege to a claim of defamation. It is the latter two issues which remain in controversy, plaintiff stating in his memorandum (page 4) that "infliction of emotional distress is not alleged in this matter."
Rhode Island Super. R. Civ. Proc. 56, governing summary judgment, requires a trial justice to determine the necessity of trial by identifying a genuine issue of material fact in dispute.Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy ofProvidence. Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after reviewing the evidence in light; most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. 56 (c);Harritos. et al. vs. Cambio, et al., 683 A.2d 359 (R.I. 1996).
At the time in question plaintiff, Lochiel MacDonald was a first year student in defendant Hennessey's science class at Rogers High School in Newport. Defendant asserts in his memorandum that on the morning of May 16, 1996 Mr. Hennessey issued a disciplinary referral stating that "Lochiel threatened him during class and in front of all his students." If defendants' memorandum is to be credited, plaintiff had been the repeated subject of disciplinary referrals throughout the school year, having served eight days of suspension and seventeen days of detention.
Apparently on May 16. 1996, plaintiff was so disruptive in Mr. Hennessey's class (which he was failing) that Mr. Hennessey requested of the Dean that plaintiff not return. For the remainder of the school year (three weeks) plaintiff fell under the tutelage of Dean Barry Coofer (a former science teacher). Plaintiff failed science at year's end.
At the time of the disciplinary referral, per school policy, the Newport Police were summoned to investigate whether or nor any criminal activity was afoot.
Plaintiff asserts that; "Upon a thorough investigation, whereby the police questioned the students in Hennessey's class, the police determined that no such threats were rendered by Lochiel to Hennessey. Barry Coofer, Dean of Students at Rogers High School also conducted a thorough investigation and in his view, Lochiel never made the statements and Hennessey fabricated the entire incident." (Plaintiffs' memorandum pp. 1-2). Nowhere in the materials furnished to the Court is there any basis whatsoever for this statement.
Most significantly, no party has articulated to the Court the precise content of the alleged "threats." Defamation is a cause of action which is literally based on the usage of words. The context in which the words are uttered, the tone in which they are spoken, and the party to whom they are directed are essential considerations. Were the words uttered in jest? Were they accompanied by physical aggression or an evil tone? Do the parties have a history of verbally sparring with each other; or do they have an acrimonious relationship?
With reference to the City and School Committee defendants, plaintiff makes the bold assertion that: "From speaking with Stan Thompson, principal of Rogers High School at the time of the incident, and from the School file of Hennessey, it is clear that he has had problems with various students in the past. This usually occurred when the student disrupted the class or a student defended another student. When this occurred, Hennessey took matters into his own hand [sic] and did whatever he could to "harm that student.," (Plaintiffs' memorandum, page 2.) This is unattested-to, rank hearsay, the latter portion of which, depending on the circumstances of its publication, could confer upon Mr. Hennessey his own defamation action.
Suffice it to say, that because of the paucity of the materials provided to the Court, it is impossible to make any fair and intelligent assessment of whether a cause of action in defamation can be sustained. Aside from the interpretation of the "facts" plaintiff has urged upon the Court, the record at this juncture is equally susceptible to the interpretation that Mr. Hennessey engaged in conduct (reportage of threats, maintaining class order, heightened awareness of student contents in today's horrific climate of school violence), for which he should be lauded instead of sued.
In any event, the record is replete with factual discrepancies which cannot equitably be resolved absent further proceedings. Therefore, the motion for summary judgment must be denied.
With reference to the plaintiffs' claim of malicious prosecution, defendants' motion for summary judgment is denied. Our State Supreme Court has not had the opportunity to rule on a pivotal issue, namely, whether the initiation of a disciplinary proceeding can satisfy the requisite element of a "criminal proceeding."