DECISION
This matter comes before the court on defendant's motion for summary judgment. The court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
Frederick and Beth Ann Vogt owned a summer home at 137 Island Road, Portsmouth, Rhode Island. On November 2, 1997, this house was destroyed by fire. The premises was insured by Rhode Island Joint Reinsurance Association under dwelling policy 38-1-087529-07 for a period of one year commencing on April 19, 1997. The policy limits were $50,000 for the dwelling and $5,000 for personal property. After the fire, the insurance company reimbursed the Vogts $5,000 for the loss of their personal belongings.
The insurance company adjuster estimated the value of the structure at $40,924.27 less depreciation of $3,694.34 for a total of $37,229.93. This figure increased to $38,049.93 after adding the estimated amounts required to replace the well pump motor and the window screens. The Vogts rejected the company's offer of $38,049.93 after receiving a letter from a building official in Portsmouth advising them that the building must demolished and completely rebuilt per the new building codes. As a result of this information, the Vogts requested the policy limit $50,000.
The insurance company argued that the policy did not include considerations for alterations which must be made to the property in order to conform with new building codes. The parties were unable to agree on an assessment and the instant case was filed. The insurance company now moves for summary judgment.
Summary judgment is a drastic remedy that should be sparingly and granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56 (c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence, Inc. v. Wilkie,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese,714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio, 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56 (c).
In its motion, the insurance company argues that under the terms contract, the Vogts are entitled to the cost of repairing the property to its pre-fire condition. The company states that "although the building authorities of Portsmouth have indicated that repair or rebuilding of the damaged property as it existed prior to the fire would be prohibited in light of the new building codes, this does not mean that the building is a total loss, because the fire did not destroy the existing foundation, and the building could be repaired but for the action of public authorities." Defendant's Memorandum at 7.
The company states that it is undisputed that the columns supporting the structure were not damaged as a result of the fire and that their unsuitability stems instead from the new building codes. Since the costs to repair the rest of the structure amount to $38,049.93, and since that is the amount previously offered, the insurance company argues that there exists no genuine issue of material fact.
In response, the Vogts contend that there are genuine issues of material fact to be considered in determining the actual value of the house and do contest the affect of the fire on the concrete columns. Furthermore, the Vogts assert that this state "ought to adopt the `broad evidence rule' in interpreting a policy which provides for the payment of `actual cash value' at the time of loss, especially when the loss is total." Plaintiff's Memorandumin Objection to Defendant's Motion For Summary Judgment, at 2. "The Plaintiffs respectfully submits [sic] to the Court that the better rule is not the rule proposed by the Defendant, which would limit this Court to determining the replacement costs less depreciation, but the Broad Evidence Rule which is supported by all of the other New England states and which allows the Court to consider `any evidence tending to establish the true economic value of the insured property.'" Id. quoting Ohio CasualtyInsurance Co. v. Maezell, 439 N.E.2d 1162 (Ind. App.Ct. 1982).
The Vogts' insurance policy contains a section entitled Loss Settlement which states: "covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property." Both parties ultimately agree with the rule that "a fire insurance policy does not entitle the insured to any more than indemnity for the actual loss sustained so as to please him or her in the same financial condition as he or she would have been in if there had been no fire." Fisher v. Indiana Lumbermans Mutual Ins. Co.,456 F.2d 1396 (5th Cir. 1979); Bailey v. Gulf Ins. Co.,406 F.2d 47 (10 Cir. 1969). "The standard or usual provision [stating] that the insurer's liability shall not exceed the cost of repair or replacement is by its terms generally regarded as merely a limitation on the insurer's liability and not as a substantive measure of damages which the insured can invoke," 61 A.L.R2d 711, 717 citing 29 Am Jur, Insurance § 1186. "Although for some time almost all courts applied either the market value or the reproduction or replacement value test in determining `actual cash value,' there has been in recent years a tendency on the part of some courts to look beyond these criteria in order that more complete indemnity might be effectuated." 61 A.L.R. 2d at 718. These courts have held that any evidence logically tending to the formation of a correct estimate of the value of the destroyed or damaged property might be considered by the trier of facts in determining "actual cash value" at the time of loss. In applying this "broad evidence rule," the courts have not abandoned consideration of either market or reproduction values in arriving at "actual cash value," but view them rather as guides in making that determination. Id.
In this case, the court has been asked to determine which test should be applied in determining the actual cash value of the Vogt's cottage. This question is one of law and seems to be a matter of first impression in this state. Having reviewed the law in other states and compared the various alternative tests, this Court has decided to adopt the broad evidence rule. In so doing, the court finds that the determination of "actual value" requires consideration of factual components and therefore this case is inappropriate for decision on a motion for summary judgment. Therefore, the motion for summary judgment is denied. Counsel shall enter the appropriate judgment.