DECISION
This matter comes before the court on defendants' motion for summary judgment. This Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
On or about July 29, 1992, the defendant Federal National Mortgage Association (FNMA) listed a certain parcel of real estate for sale. This subject property was located in Middletown, Rhode Island. The defendant, Nunes Realty, was the listing agent.
Prior to FNMA's acquisition of the subject property Mr. Enrique Salas became interested in the land. Through his attorney, plaintiff, John Sheehan, Mr. Salas made inquiries into the price of the property and began researching mortgage opportunities. In addition to providing legal advice, Mr. Sheehan was also serving as Mr. Salas' real estate agent
It is undisputed that plaintiff was a licensed real estate agent prior to April 30, 1992. It is further agreed that Mr. Sheehan's license expired on April 30 and was not reinstated until November 13, 1992. Mr. Salas closed on his property on November 6, 1992.
As FNMA's listing agent, Nunes Realty received a $10,712.00 commission after the sale of the property. Mr. Sheehan requested a 5% share in the commission. He based his request on the fact that he had acted as a realtor for Mr. Salas and was therefore entitled to a co-brokers percentage. Nunes Realty refused to share the commission. The plaintiff then filed the instant suit and the defendants now move for summary judgment.
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders, Inc. 711 A.2d 628, 631 (Rd. 1998) (citations omitted); R.L Super. R. Civ. P. 56 (c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence. Inc. v. Wilkie,668 A.2d 650, 652 (R.L 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese,714 A.2d 1190, 1193 (RI. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio, 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56 (c).
The issue facing this Court is whether, under Rhode Island law, the plaintiff was lawfully acting as a licensed real estate broker at the time the subject property was sold. The file contains the affidavit of Valerie Voccio, Administer of the Real Estate Section of the Division of Commercial Licensing and Regulation. In her affidavit Ms. Voccio states in pertinent part:
 "7. Our records reveal that on April 30, 1992, the Plaintiff's real estate brokers license expired due to his failure to file a renewal application and meet certain other statutory requirements for the renewal of his license.
 8. Our records reveal that the Plaintiff's real estate brokers license was not renewed and/or reinstated until November 13, 1992.
 9. The Plaintiffs real estate brokers license was not retroactively renewed and/or reinstated as if it had never expired such that he would have been permitted to transact business as a licensed real estate broker in the State of Rhode Island within the meaning of RIGL 5-20.5 between May 1, 1992 and November 13, 1992.
 * * *
 12. The license . . . indicates a date of issuance of May 1, 1992, even thought he Plaintiffs real estate brokers license was not renewed and/or reinstated until November 13, 1992, because at that time the Department did not prorate annual licensing fees and was unable to change issuance dates when printing new licenses due to limited computer processing and printing capabilities.
 13. The date of issuance indicated on the license . . . should be disregarded for purposes of determining when the Plaintiff was considered to be a licensed real estate broker within the meaning of RIGL 5-20.5.
 14. Between May 1, 1992 and November 13, 1992, the Plaintiff was not considered to be a licensed real estate broker in the State of Rhode Island within the meaning of RIGL 5-20.5 because his license was expired during this period."
The file contains no contradicting affidavit or memorandum with supporting law. That being the case, there is no genuine issue of material fact presented with regard to plaintiffs status as a licensed real estate agent. According to Ms. Voccio, the fact that the plaintiff's license appears to be retroactive is simply a matter of antiquated equipment which makes it impossible to reflect the actual date of renewal; it does not erase the fact that plaintiffs license was actually expired. This Court is, therefore, of the opinion that the plaintiff was unlawfully acting as a real estate broker during a period when his license was no longer effective.
This situation is covered by the Rhode Island General Laws. Specifically, § 5-20.5-10 states:
 It is unlawful for any licensed real estate broker to employ or compensate directly or indirectly any person for performing any of the acts regulated by this chapter who is not a licensed real estate broker.
Under Rhode Island General laws, the Department of Business Regulations governs the protocol for sharing a commission earned in a real estate transaction. As evidenced by § 5-20.5-14, strict sanctions can be imposed for violations of §5-20.5-10.
 "(a) The Director has power to . . . place a license on probation for a period not to exceed one year where . . . a licensee . . . is found guilty of . . . offering, promising, giving or paying directly or indirectly, any part or share of his or her commission or compensation arising or accruing from any real estate transaction to any person who is not licensed as a real estate broker, but who by law should be licensed."
Plaintiff had the responsibility to remain current with his license and his failure to do so resulted in its lapse. Under Rhode Island law, Nunes Realty was prohibited from sharing the commission from this sale with the plaintiff as he was not a licensed real estate broker at the time he so acted.
Having found that this plaintiff was not a licensed real estate broker at the time of the real estate transaction, this Court now looks to § 5-20.5-21 of the Rhode Island General Laws for guidance. This section states:
 "[N]o person shall maintain an action in any court of this state for the recovery of a commission, fee, or compensation for any act done, the doing of which is prohibited under this chapter to other than licensed brokers, unless that person was licensed under this chapter as a broker at the time of doing the act."
As dictated by this section, in light of this Court's earlier determinations, the Court does not have jurisdiction over any claim made by plaintiff seeking recovery of a commission resulting from the sale of the subject property.
Accordingly, the defendants' motion for summary judgment is hereby granted.